UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

OHOHSHECHA DEFOE,

Plaintiff,

v.

GREG LINDELL PROSECUTOR, WARDEN LYNN M. DINGLE, SHANNON L. REIMANN HEARING OFFICER, DR. TROEDSON, JANE LYNGDAL, HARMON COX, PAUL HOFLUND, WILLIAM ENGSTRUM, RICHARD NEURURE, LOREN NICKELSON, ELEANOR FULLER, and BRANDON FORTNEY,

Defendants,

Civil File No. 07-1597 (ADM/AJB)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Minnesota Correctional Facility at Stillwater, Minnesota, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court recommends that this action be summarily dismissed.

**I. BACKGROUND**

When Plaintiff filed his complaint, he did not pay the $350.00 filing fee required by 28 U.S.C. § 1914(a), but he instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Because Plaintiff is a prisoner, he cannot proceed IFP unless he pays the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Based on the information furnished in Plaintiff's original IFP application, the Court determined that Plaintiff

was required to pay an initial partial filing fee in the amount of $66.00. By order dated April 2, 2007, (Docket No. 3), Plaintiff was directed to pay his $66.00 initial partial filing fee within twenty (20) days. Plaintiff was warned that if he failed to pay his initial partial filing fee in a timely manner, he would be deemed to have abandoned this matter, and it would be recommended that the case be summarily dismissed.

Plaintiff responded to the prior order of April 2, 2007, by writing a letter to the Court, (Docket No. 4), in which he suggested that the prisoner trust account information set forth in his original IFP application was erroneous, and, as a result, his initial partial filing fee had been miscalculated. In response to Plaintiff's letter, the Court entered a second order, dated April 23, 2007, (Docket No. 5), which granted Plaintiff an opportunity to file an amended IFP application that would accurately set forth the prison trust account information required by 28 U.S.C. § 1915(a)(2). That second order also informed the Plaintiff that the deadline for paying his initial partial filing fee would be extended to May 10, 2007. The order explicitly stated that "if Plaintiff has not paid the full amount of the initial partial filing fee prescribed by § 1915(b)(1), by no later than May 10, 2007, the Court will recommend that this action be summarily dismissed." (Emphasis in the original.)

On May 1, 2007, Plaintiff did file an amended IFP application, which includes the certified trust account information required by § 1915(a)(2). (Docket No. 6.) However, Plaintiff did not submit his initial partial filing fee with his amended IFP application. In fact, Plaintiff still has not paid any initial partial filing fee for this action.[1]

---

[1] The "Certificate" section of Plaintiff's amended IFP application shows that his average monthly deposit to his trust account during the preceding six months was $350.00, and his average monthly balance during that time period was $250.00. Applying the formula prescribed by § 1915(b)(1) to the trust account information in the amended IFP

Plaintiff also recently submitted a "Motion to Amend Complaint, (Docket No. 7), together with a proposed amended complaint. Because no Defendant has appeared yet in this case, Plaintiff is entitled to amend "once as a matter of course" pursuant to Fed. R. Civ. P. 15(a). Therefore, by a separate order, the Court has granted Plaintiff's motion to amend, and directed the Clerk to file Plaintiff's amended complaint.

In Plaintiff's amended complaint, he alleges that he was wrongly accused, and found guilty, of assaulting another inmate. As a result, he apparently lost certain credit toward the completion of his sentence, which will delay his release from prison. Plaintiff is now attempting to sue thirteen prison officials, who allegedly were involved in the disciplinary proceedings brought against him. He is seeking a court order that would "vacate the extended incarceration" resulting from those proceedings.

For the reasons discussed below, the Court finds that Plaintiff's amended complaint fails to state a cause of action on which relief can be granted. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

---

application, the Court finds that Plaintiff's initial partial filing is $70.00, ($350.00 x 20% = $70.00). Thus, ironically, the initial partial filing fee that Plaintiff is required to pay pursuant to his amended IFP application is actually somewhat greater than the fee required pursuant to the original application.

Plaintiff's amended IFP application was accompanied by a cover letter in which he indicates that, despite the clear instruction of the Court's prior order, he does not intend to pay his initial partial filing fee, unless the Court enters yet another order that specifically directs him to do so. The Court is satisfied that this action could be summarily dismissed solely because of Plaintiff's deliberate refusal to pay his initial partial filing fee as required by the Court's prior orders. However, the Court is <u>not</u> recommending that this action be dismissed for that reason, but for other reasons discussed hereafter.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from government employees, his amended complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act of 1995, ("PLRA"). Section 1915A requires federal courts to review the pleadings in every prisoner civil rights action against governmental agents and agencies "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state a cause of action on which relief can be granted, his case will be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In this case, Plaintiff has failed to plead a viable cause of action, because his claims are barred under the principles discussed by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475 (1973) and Heck v. Humphrey, 512 U.S. 477 (1994). In both of those cases, the Court held that a state prisoner cannot challenge the fact or duration of his confinement in a federal civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who seeks an expedited release from custody. Heck, 512 U.S. at 481, citing Preiser, 411 U.S. at 488-490; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996).

Here, it is readily apparent that Plaintiff is challenging the duration of his confinement by the State of Minnesota. Indeed, he is expressly asking this Court to enter an order that would cause him to be released from prison twenty (20) days earlier than his currently projected release date. According to Preiser and Heck, however, Plaintiff cannot challenge the fact or duration of his confinement in a civil rights action such as this one. Again, habeas corpus is the sole federal remedy by which Plaintiff can secure an expedited release from state custody. See Preiser, 411 U.S. at 487 ("[e]ven if the restoration of the

respondents' credits would not have resulted in their immediate release, but only in shortening the length of their actual confinement in prison, habeas corpus would have been their appropriate remedy"). Therefore, Plaintiff cannot be granted the relief he is seeking in the present § 1983 civil rights action.

The Court further notes that even when a prisoner demands only money damages for wrongful imprisonment, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d at 233 ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release"). In this case, Plaintiff is clearly claiming that the expected length of his confinement is unconstitutional. It is readily apparent that any judgment in Plaintiff's favor on that claim, whether in the form of injunctive relief or money damages, would necessarily cast doubt on the currently expected duration of his confinement. Therefore, even if Plaintiff were not specifically requesting an expedited release date, he still could not pursue the claims advanced in his present lawsuit.

According to Heck, Plaintiff cannot maintain a civil rights action based on his allegedly unconstitutional confinement, (regardless of the type of relief being sought), until after he has successfully challenged the length of his confinement in an appropriate forum, i.e., in a state or federal habeas corpus action. Under different circumstances, Plaintiff's complaint might be construed as an application for federal habeas corpus relief, and entertained as such. See Offet v. Solem, 823 F.2d 1256, 1257 (8th Cir. 1987); Feeney v. Auger, 808 F.2d 1279, 1280-81 (8th Cir. 1986); but see Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996) (holding that a civil rights action that is barred by Heck should

be dismissed, and should not be converted to a habeas case). That cannot be done here, however, because it is evident that Plaintiff has not exhausted his available state court remedies, as required by 28 U.S.C. § 2254(b)(1). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

Petitioner's available state court remedy is a habeas corpus petition brought under Minn.Stat. § 589.01. Minnesota appellate courts have previously recognized that the state habeas corpus statute can be used by state prison inmates seeking judicial review of prison disciplinary proceedings. See Case v. Pung, 413 N.W.2d 261 (Minn.App. 1987), review denied, Nov. 24, 1987.

Because Petitioner has not pursued the remedy available under Minnesota's state habeas corpus statute, (including the right of appeal[2]), he has not exhausted his state court remedies for the claims presented here. Therefore, federal habeas corpus review is not currently available to Plaintiff. That being the case, Plaintiff's current civil rights complaint cannot be treated as a federal habeas corpus petition and entertained as such.

## III. CONCLUSION

In sum, Plaintiff's amended complaint fails to state a claim on which relief can be granted, because, according to Preiser and Heck, he cannot directly or indirectly challenge

[2] To exhaust his state court remedies, Plaintiff must present his demand for an expedited release from custody to the Minnesota Supreme Court. O'Sullivan, 526 U.S. at 845 ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process") (emphasis added).

the length of his confinement in a federal civil rights action. Because Plaintiff has failed to plead a cognizable claim for relief, this action must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). It follows that Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 2 and 6), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii).

Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350.00 filing fee.[3] He has not paid any part of the fee to date, so he still owes the full $350.00 at this time. Prison officials will have to deduct that amount from Plaintiff's institutional trust account, and pay it to the Clerk of Court, in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, because Plaintiff has failed to plead an actionable claim for relief, the dismissal of this action should count as a "strike" against him for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

1. Plaintiff's application to proceed in forma pauperis, (Docket Nos. 2 and 6), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: May 25, 2007

s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before June 11, 2007.