UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ohohshecha Defoe,

        Plaintiff,          **MEMORANDUM OPINION AND ORDER**

v.          Civ. No. 07-1597 ADM/AJB

Greg Lindell Prosecutor,
Warden Lynn Dingle,
Shannon Reimann Hearing Officer,
Dr. Troedson, Harmon Cox,
Paul Hoflund, William Engstrum,
Richard Neurure, Loren Nickelson,
Eleanor Fuller, and Brandon Fortney,

        Defendants,

___

Ohohshecha Defoe, *pro se*.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff Ohohshecha Defoe's ("Plaintiff") Objection [Docket No. 13] to Magistrate Judge Arthur J. Boylan's Report and Recommendation ("R&R") [Docket No. 10] dated May 25, 2007. The R&R recommends that Plaintiff's Amended Complaint [Docket No. 9] seeking relief under 42 U.S.C. § 1983 be summarily dismissed, without prejudice, for failure to plead a cause of action upon which relief can be granted. For the reasons set forth below, the R&R is adopted.

## II. BACKGROUND

Plaintiff is an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota. On January 23, 2007, after a prison disciplinary hearing, a hearing officer found Plaintiff guilty of disorderly conduct and assaulting another inmate. Hearing Findings (Compl. [Docket No. 1]

Attach.). The hearing officer imposed penalties of 60 days of segregation from other inmates and twenty days of extended incarceration. Id. On February 8, 2007, the warden denied Plaintiff's appeal. Feb. 8, 2007 Mem. (Compl. Attach.). In his Amended Complaint, Plaintiff alleges he was wrongfully accused and found guilty, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff sues the twelve prison officials involved in his disciplinary proceeding, including the warden, the hearing officer, the prosecutor, and prison officials who served as witnesses. Plaintiff seeks money damages and an order vacating the twenty days added to his sentence.

### III. DISCUSSION

**A.     Standard of Review**

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b).

Under 28 U.S.C. § 1915A(a), courts are required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." To the extent that a pleading fails to state a claim upon which relief may be granted, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

**B.     The R&R's Conclusions**

This Court agrees with the R&R's conclusion that Plaintiff's § 1983 lawsuit is barred by the Supreme Court's holdings in Preiser v. Rodriguez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994). Preiser held that a habeas corpus petition under 28 U.S.C. §

2254 is the exclusive federal remedy for a state prisoner seeking to challenge the duration of his confinement. 411 U.S. at 500. Therefore, a federal habeas petition is the only available avenue for Plaintiff to challenge the twenty days of extended incarceration that were added to his sentence. He can not do so in this § 1983 action.

The R&R also correctly concludes that even if Plaintiff were only seeking money damages, the Supreme Court's decision in Heck would still bar Plaintiff's § 1983 action. Under Heck, a state prisoner may not file a § 1983 action that effectively calls into question the lawfulness of his sentence unless that sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 483. Plaintiff can recover damages on his § 1983 claim only if the prison's disciplinary proceeding against him was unlawful. However, such a finding would necessarily call into question the lawfulness of the twenty days that were added to Plaintiff's sentence as a result of the disciplinary proceeding. Therefore, Heck would bar Plaintiff's § 1983 action even if Plaintiff were not seeking to challenge the length of his sentence. Plaintiff's § 1983 action must be dismissed because he has failed to state a claim upon which relief can be granted.

The Court also agrees with the R&R's conclusion that Plaintiff's § 1983 claim can not be construed as a federal habeas corpus petition because Plaintiff has failed to exhaust his available state remedies. As the R&R states, Plaintiff's available state remedy is a habeas corpus petition under Minn. Stat. § 589.01.

**C.    Plaintiff's Objection**

Plaintiff does not object to any of the R&R's conclusions. Instead, he argues that under

25 U.S.C. §§ 1323-24 and Public Law 280 (18 U.S.C. § 1162 and 28 U.S.C. § 1360), "the State of Minnesota does not have jurisdiction in these matters concerning a member of the Red Lake Indian Reservation and . . . these matters are solely in federal jurisdiction."  Objection.  Plaintiff is apparently asserting the State of Minnesota does not have jurisdiction over offenses committed by or against Indians on the Red Lake Reservation in Minnesota.  See 18 U.S.C. § 1162.  However, Plaintiff has not alleged that he is incarcerated for a crime that occurred on the Red Lake Reservation.  Regardless, such an allegation, even if true, provides no grounds for an objection to the R&R's recommendation that Plaintiff's § 1983 action be dismissed.  If Plaintiff seeks to challenge the State of Minnesota's jurisdiction over him, he must first exhaust his state court remedies before he can file a habeas petition in federal court.  Plaintiff's objection is overruled.

## IV. CONCLUSION

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 10] is **ADOPTED**;

2. Plaintiff's Objection [Docket No. 13] is **OVERRULED**;

3. Plaintiff's Amended Complaint [Docket No. 9] is **DISMISSED WITHOUT PREJUDICE**;

4. Plaintiff's Application for Leave to Proceed *in forma pauperis* [Docket Nos. 2, 6] is **DENIED**;

5. Plaintiff is required to pay the Court filing fee of $350.00 in accordance with 28 U.S.C. § 1915(b)(2);

6. The dismissal of this action counts as a "strike" against Plaintiff for purposes of 28 U.S.C. 1915(g); and

7. Plaintiff's Motion for Appointment of Counsel [Docket No. 12] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

     s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 22, 2007.